**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-cr-40050-SMY** |
| | ) | |
| **KEVIN W. PAGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

**YANDLE, District Judge:**

On January 28, 2020, Defendant Kevin W. Page was sentenced to 180 months' imprisonment after pleading guilty to conspiracy to distribute methamphetamine (Docs. 75, 79). Page is currently housed at Lewisburg FCI in Lewisburg, PA, and his projected release date is May 17, 2030.  Now pending before the Court is Page's Motion for Compassionate Release pursuant to 18 U.S.C.  §3582(c)(1)(A) (Doc. 128).  For the following reasons, the motion is **DENIED**.

## Discussion

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1).  Following a recent amendment by the Sentencing Commission, "extraordinary and compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when

considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."  U.S.S.G. § 1B1.13(b).  Defendants moving for compassionate release bear the burden of establishing the existence of extraordinary and compelling reasons for such release.  *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Here, Page requests compassionate release, asserting that (1) he is receiving inadequate medical care for his lumber spine and shoulder issues; (2) he suffers from multiple medical conditions that place him at an increased risk for severe illness should he contract COVID-19; and (3) his post-incarceration rehabilitation warrant compassionate release.

Page claims he is receiving inadequate treatment for issues related to his lumbar spine and shoulder, in violation of the Eighth Amendment.  But complaints about civil rights violations while incarcerated are not a basis for early release under § 3582(c)(1)(A).  *See United States v. Bridgewater*, 995 F.3d 591, 599 (7th Cir. 2021). Rather, a suit under the Eighth Amendment is the proper way to challenge alleged inadequate medical treatment.  *See id.*

Next, Page contends that he suffers from medical conditions which heighten his risk of dying were he to contract COVID-19, including hypertension, obesity, amenia, and a compromised immune system.  However, because he has been fully vaccinated against COVID-19, his risk of contracting the virus cannot justify compassionate release.  *United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterate that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability 'to receive or benefit from a vaccine.'" (quoting *United States v. Broadfield*, 5 F.4th 801, 803) (7th Cir. 2021)).

Page also maintains that he has completed over 125 recidivism reduction programs and that he is no longer a danger to the community. Although a prisoner's rehabilitation, coupled with other factors, can support extraordinary and compelling reasons for compassionate release, "rehabilitation alone cannot serve as a basis for early release under § 3582(c)(1)(A)." *United States v. Peoples*, 41 F.4th 837, 841 (7th Cir. 2022). The Court finds no additional extraordinary and compelling reasons to grant Page's requested relief.

For the foregoing reasons, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A) (Doc. 128) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 24, 2025**

**STACI M. YANDLE**
**United States District Judge**